GERALD HADELMAN ET AL. *v.* FREDERICK
DELUCA ET AL.
(SC 17124)

Sullivan, C. J., and Katz, Palmer, Vertefeuille and Zarella, Js.

Argued October 27, 2004—officially released July 12, 2005

*Aaron S. Bayer*, with whom were *Jeffrey R. Babbin* and *Jonathan M. Freiman*, for the appellants (named defendant et al.).

*Raymond A. Garcia*, with whom was *Nicole E. Liguori*, for the appellees (plaintiff Robert Dowell et al.).

*Opinion*

VERTEFEUILLE, J. This appeal arises out of the trial court's confirmation of an arbitration award rendered in favor of the plaintiffs awarding them $300,000 in punitive damages, but no compensatory damages. On appeal to this court, the defendants claim that the trial court improperly: (1) determined that the award of punitive damages was not excessive and in violation of this state's public policy against such awards; and (2) determined that the award was not excessive in light of the due process limitations set forth in *BMW of North America, Inc.* v. *Gore*, 517 U.S. 559, 575–85, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996). Our resolution of this appeal is controlled by our recent decision in *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, 273 Conn. 634, 872 A.2d 423 (2005). We conclude that the trial court properly confirmed the arbitration award and we therefore affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiffs Dennis Rottinghaus and Robert Dowell (plaintiffs) are franchisees of certain Subway sandwich stores. The named defendant, Frederick DeLuca, is the founder of Subway and a 50 percent owner of the defendant franchisor, Doctor's Associates, Inc. (Associates).[1] The underlying dispute between the parties in this action concerns a canceled election of the board of directors of the Subway Franchise Advertising Fund Trust (trust), which is a trust that disburses advertising funds for the benefit of Subway stores nationwide. All Subway franchisees pay a percentage of their gross sales to the trust. Associates makes voluntary yearly contributions to the trust. The trust is managed by a board of directors comprised of certain Subway franchisees who are elected by the franchisees. In 1997, the plaintiffs sought election to the board of directors of the trust. DeLuca was concerned about the plaintiffs' candidacy and the nature of their campaigns and prepared a videotape expressing his concerns. In the videotape, he advised the incumbent trust board members to make certain changes to the board of director's election rules and also threatened to terminate Associates' voluntary contributions to the trust if the recommended changes were not made. Following a screening of the videotape at a Subway franchisee meeting in Orlando, Florida, the trust board canceled the election and instituted new rules that prevented the plaintiffs from running for election to the trust's board of directors.

Following the cancellation of the election, the plaintiffs filed this action against the defendants, seeking

[1] The original complaint in the present case also included the named plaintiff, Gerald Hadelman, and several other defendants, who have since withdrawn or have been dismissed from the action. References herein to the plaintiffs are to Rottinghaus and Dowell, and references to the defendants are to DeLuca and Associates.

injunctive relief and damages. See footnote 1 of this opinion. The parties thereafter entered into an agreement to arbitrate their dispute concerning the canceled election of the trust's board of directors, and the action was stayed by the trial court pursuant to that agreement. Following the arbitration hearing, the three person arbitration panel determined that the defendants had interfered improperly with the board of directors election and, in doing so, had prevented the election of the plaintiffs to the board. The panel further found that the defendants' actions were in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The arbitration panel awarded no compensatory damages, but awarded each of the plaintiffs $150,000 in punitive damages as well as attorney's fees and arbitration expenses.

The plaintiffs thereafter filed an application to confirm the arbitration award and the defendants subsequently filed an application to vacate the arbitration award. Following a hearing, the trial court granted the plaintiffs' application to confirm the award and denied the defendants' application to vacate. The defendants appealed from the trial court judgment to the Appellate Court, and we thereafter transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On appeal, the defendants first claim that, although the trial court was correct in conducting de novo review of the award, the trial court improperly confirmed the arbitrators' award because the award was excessive and violated our well-defined state public policy against excessive punitive damages awards. The defendants further contend that the trial court improperly applied the test established under *BMW of North America, Inc.* v. *Gore*, supra, 517 U.S. 575–85, in concluding that the punitive damages award did not violate the defendants' due process rights. We disagree.

As a preliminary matter, we state the applicable standard of review. Generally, "[w]hen the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . [W]here [however] a party challenges a consensual arbitral award on the ground that it violates public policy, and where that challenge has a legitimate, colorable basis, de novo review of the award is appropriate in order to determine whether the award does in fact violate public policy." (Citations omitted; internal quotation marks omitted.) *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, supra, 273 Conn. 654–55.

The outcome of the present appeal is dictated by our decision in *MedValUSA Health Programs, Inc.*, which was argued before this court on the same day as the present case. In that case, we decided two issues that are indistinguishable from the claims raised by the defendants in the present case. The defendant in *MedValUSA Health Programs, Inc.*, claimed that an arbitration award of $5 million in punitive damages violated this state's public policy against excessive punitive damage awards, and, further, that the award violated the defendant's due process rights under the federal constitution. Id., 640. We concluded that Connecticut does not have a well-defined public policy against the award of excessive punitive damages and that, "because an arbitration award does not constitute state action and is not converted into state action by the trial court's confirmation of that award, an arbitration panel's award of punitive damages does not implicate the due process

clause, regardless of how excessive the award may be." Id., 641. Thus, we determined, the *Gore* analysis was inapplicable to the punitive damages award. Id., 663.

Our conclusions in *MedValUSA Health Programs, Inc.*, are dispositive of the defendants' claims in the present case. De novo review of the present punitive damages award is unavailing, first, because Connecticut does not have a well-defined public policy against an award of excessive punitive damages and, second, because the *Gore* due process analysis is not implicated in the absence of state action.[2] We therefore affirm the judgment of the trial court confirming the arbitration award.

The judgment is affirmed.

In this opinion SULLIVAN, C. J., and KATZ and PALMER, Js., concurred.

---

ZARELLA, J., concurring. I concur in the opinion of the majority in this case because I agree that this court's recent decision in *MedValUSA Health Programs, Inc.* v. *MemberWorks, Inc.*, 273 Conn. 634, 872 A.2d 423 (2005), is controlling precedent. I nevertheless reiterate my concern, as expressed in my dissenting opinion in *MedValUSA Health Programs, Inc.*, that the assessment of punitive damages when there has been no award of compensatory damages violates the public policy of this state to foster dispute resolution through arbitration. See id., 667, 680 (*Zarella, J.*, dissenting).

---

[2] The defendants seek only de novo review of the punitive damages award, and our conclusion that de novo review is unavailing is therefore dispositive of this appeal.